UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Appellee<br><br>v.<br><br>Melissa Heil,<br><br>    Appellant | Case No.: 2:24-cv-01502-JAD-NJK<br><br>**Order Affirming Magistrate Judge's Sentence in Misdemeanor Appeal**<br><br>[ECF Nos. 1, 3] |

Appellant Melissa Heil challenges her sentence of two years' probation for a 2024 misdemeanor DUI conviction and argues that Magistrate Judge Nancy Koppe abused her discretion in imposing that sentence. After Heil pled guilty to driving under the influence, her defense counsel and the government jointly recommended that Heil be sentenced to one year of supervised probation, though the probation office recommended a three-year term. The magistrate judge instead sentenced Heil to two years of supervised probation. Heil appeals, arguing that this court should reverse and remand with instructions to follow the joint recommendations of the parties. The government counters that a two-year sentence of supervised probation is supported by the record and consistent with the statutory sentencing factors. Because I find that the magistrate judge did not abuse her discretion in sentencing Heil to two years of supervised probation, I overrule Heil's objection and affirm the sentence.

**Background**

On May 27, 2022, a park ranger pulled Heil over on Lake Mead Boulevard.[1] The ranger, smelling marijuana from Heil's car and noticing that she exhibited signs of impairment,

---

[1] 2:22-mj-00941 (underlying case), ECF No. 47 at ¶ 7.

conducted a field sobriety test on Heil and administered a blood draw.[2] The blood draw revealed the presence of THC and methamphetamine.[3] The ranger also discovered drugs and drug paraphernalia in the vehicle.[4] Heil was charged with a DUI.[5]

More than a year later, on September 1, 2023, Heil was again pulled over by a ranger in the Lake Mead Recreation Area.[6] Heil's ten-year-old son was sitting in the front passenger seat of her vehicle.[7] The ranger arrested Heil, who appeared visibly impaired and showed him a bag of marijuana that she pulled out of her car's center console.[8] Upon her arrival at the Henderson Detention Center, Heil's blood sample revealed the presence of THC, amphetamines, and methamphetamine.[9]

Heil later pled guilty to operating a motor vehicle while under the influence of drugs, in violation of 36 C.F.R. § 4.23(a)(1) for both the 2022 and 2023 incidents.[10] As part of the plea deal, the government agreed to amend these convictions to unsafe-operation convictions if Heil completed one year of supervised probation, among other conditions.[11] Before sentencing, the Probation Office recommended that she be sentenced to a three-year term of probation for each charge, to run concurrently.[12] Magistrate Judge Koppe sentenced Heil to two concurrent two-

---

[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.* at 4.
[6] *Id.* at ¶ 8.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] Underlying case, ECF No. 45.
[11] *Id.* at 2–3.
[12] Underlying case, ECF No. 47 at ¶ 66.

year terms of supervised probation.[13]  Heil appeals that sentence, arguing that the magistrate judge abused her discretion in sentencing her to a term of probation longer than the parties' joint recommendation.[14]

## Discussion

**A.  Standard of Review**

When a defendant appeals a sentence imposed by a magistrate judge, the district court judge considers the appeal "as through the appeal were to a court of appeals from a sentence imposed by a district court."[15]  Federal Rule of Criminal Procedure 58 allows criminal defendants to appeal a sentence imposed by a magistrate judge within 14 days, but "[t]he defendant is not entitled to a trial de novo by the district judge."[16]  Rather, "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by the district judge."[17]  The Ninth Circuit directs the reviewing court to "first consider whether the [sentencing] court committed procedural error, then [it] consider[s] the substantive reasonableness of the sentence."[18]

Heil does not claim that the magistrate judge committed procedural error, rather she argues that the sentence was substantively unreasonable.[19]  Such a challenge is reviewed under

---

[13] Underlying Case, ECF No. 48; ECF No. 50.

[14] ECF Nos. 1, 6.

[15] 18 U.S.C. § 3742(h).

[16] Fed. R. Crim. P. 58(g)(2)(D).

[17] *Id.*

[18] *United States v. Apodaca*, 641 F.3d 1077, 1080 (9th Cir. 2011) (quoting *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc)).

[19] ECF No. 6.

an abuse-of-discretion standard[20] because "[t]he weight to be given the various factors in a particular case is for the discretion of the [sentencing] court."[21]  In reviewing a sentence, the court must determine whether "the record as a whole reflects rational and meaningful consideration of factors enumerated in 18 U.S.C. § 3553(a)."[22]  These factors include (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, and (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.[23]  "A substantively reasonable sentence is one that is 'sufficient, but not greater than necessary' to accomplish § 3553(a)(2)'s sentencing goals."[24]

But "significant deference" must be afforded to the sentencing judge's decision.[25]  The reviewing court must review the sentencing court's findings for "clear error" because "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case."[26]  Thus, "[u]nder the abuse of discretion standard, [the court] ask[s] first whether the district court applied the correct legal rule, and then determine[s] whether the court's application of the legal rule was either (1) illogical, (2) implausible, or (3) without support in the record."[27]  And whether a sentence is substantively reasonable is considered within the totality of

---

[20] *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 597 (2007)).

[21] *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009).

[22] *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc).

[23] 18 U.S.C. § 3553(a).

[24] *United States v. Crowe*, 563 F.3d 969, 977 n. 16 (9th Cir. 2009) (quoting 18 U.S.C. § 3353(a)).

[25] *Ressam*, 679 F.3d at 1086.

[26] *United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008); *Gall*, 552 U.S. at 51.

[27] *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (cleaned up).

the circumstances.[28]  But "[e]ven if [the reviewing court] [is] certain that [it] would have imposed a different sentence had [it] worn the [sentencing] judge's robe" a sentence cannot be reversed on that basis.[29]

### B. Magistrate Judge Koppe did not abuse her discretion by imposing two years of supervised probation.

Heil first argues that Magistrate Judge Koppe abused her discretion in sentencing her to two years of probation instead of one because "the magistrate judge did not have sufficient reason in going above the plea agreement and joint recommendation of the parties."[30]  She asserts that, because there are strong public policy reasons to follow the parties' joint sentencing recommendation, "[u]nless there is some sort of clear reason to go above the recommendation, it already raises clear[-]error concerns."[31]  While it is true that public policy supports plea agreements, a sentencing judge is under no obligation to strictly adhere to the parties' joint sentencing recommendation.[32]  So the fact that the magistrate judge imposed a sentence more harsh than the one jointly recommended by the parties does not by itself raise any clear-error concerns.  Even Heil acknowledges that the magistrate judge's decision to impose a harsher sentence than the one in the joint recommendation was within "her right." [33]

---

[28] *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

[29] *United States v. Whitehead*, 532 F.3d 991, 993 (9th Cir. 2008).

[30] ECF No. 6 at 12.

[31] *Id.* at 13 (emphasis omitted).

[32] *See United States v. Camarillo-Tello*, 236 F.3d 1024, 1028 (9th Cir. 2001); *United States v. Quach*, 302 F.3d 1096 (9th Cir. 2002) ("The sentencing court, of course, still has discretion to reject the joint recommendation."); *see also* Fed. R. Crim. P. 11(c)(3)(B) ("[T]he defendant has no right to withdraw the plea if the court does not follow the recommendation or request.")

[33] ECF No. 6 at 5.

Heil also argues that the magistrate judge failed to explain why two years of probation, rather than one year was "sufficient, but not greater than necessary to comply" with the goals of sentencing.[34] She contends that the sentence the magistrate judge imposed was not appropriate because "the desire to provide Ms. Heil with more structure is not a goal of sentencing."[35] While Heil is correct that a desire to provide a defendant with more structure is not a § 3553(a) factor, Magistrate Judge Koppe's goal comports with curtailing Heil's addiction and therefore deterring resulting criminal conduct, which is a factor a judge may consider.[36] The record supports a finding that Heil presented a danger to the community at the time of sentencing. During one of the occasions on which she was pulled over, Heil had a juvenile passenger in her car.[37] She posed a threat to herself, her passenger, and other drivers on the road. Heil's history and characteristics—specifically, her substance-use disorder—were also considered. Magistrate Judge Koppe noted that Heil had several addictions when she was sentenced, and the record demonstrates that her use of marijuana and methamphetamine spans decades.[38] And those were the drugs in Heil's system at the time of her DUIs.[39]

Heil also argues that the imposed sentence is inappropriate because, at the time of sentencing, Heil had already served nearly a year of presentence release with conditions.[40] Heil appears to suggest that a two-year probation sentence, after she already had nearly a year of

---

[34] *Id.* at 13.

[35] *Id.*

[36] 18 U.S.C. § 3553(a)(2)(B) (explaining that courts should consider the need "to afford adequate deterrence to criminal conduct" in determining the "need for the sentence imposed").

[37] Underlying case, ECF No. 47 at ¶ 8.

[38] Underlying case, ECF No. 28 at 19.

[39] 2:22-mj-00941, ECF No. 47 at ¶ 8.

[40] ECF No. 6 at 13.

6

supervision, will lead to unwarranted sentencing disparities.[41]  But Heil has not shown that her sentence is so different from those given to other defendants that it would constitute an unwarranted sentencing disparity.  The probation term that the magistrate judge imposed—a year less than the Probation Office's recommendation—does not constitute an abuse of discretion.

### Conclusion

Because I find that Magistrate Judge Koppe did not abuse her discretion in sentencing Heil to two years of supervised probation, I deny Heil's request to reverse and remand with instructions to follow the joint recommendation of the parties.  I find that the magistrate judge imposed a sentence sufficient but not greater than necessary to accomplish the goals reflected in § 3553, and I affirm that sentence.

IT IS THEREFORE ORDERED that Magistrate Judge Koppe's sentence is **AFFIRMED**, and Melissa Heil's appeal **[ECF Nos. 1, 3] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
December 3, 2024

---

[41] *Id.*